UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANTHONY AQUINO, individually and on
behalf of all others similarly situated, et al.,

                    Plaintiffs,

         -against-

UBER TECHNOLOGIES, INC., et al.,

                    Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/2023

22-CV-4267 (KHP)

ORDER

**KATHARINE H. PARKER, United States Magistrate Judge:**

      As discussed at the February 7, 2023 case management conference, the Defendants' letter motion to stay discovery in light of a pending motion to dismiss is DENIED. In deciding whether to grant a stay in discovery, the Court considers (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *See Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Here, a stay is inappropriate as the initial discovery would not overburden the Defendants, and the Plaintiff would be prejudiced by delaying discovery. Further, without evaluating the merits of the Defendants' motion to dismiss, the Court finds that the Defendants have not made the strong showing at this point that the Plaintiff's claim unmeritorious.

      Additionally, the Defendants' letter motion to bifurcate discovery is DENIED. As set forth in more detail on the record, bifurcation is not the most efficient way to proceed with discovery. Instead, discovery will be phased. Phase one discovery, to take place over the next 60 days, shall focus on Plaintiff's individual claims, and the fact that a policy and procedure document applies not just to plaintiff but also to other putative class/collective members does

not preclude its discovery during the initial phase of discovery.  To the contrary, such policy/procedure documents should be exchanged during this initial phase of discovery.

The deadline for all fact discovery – individual and class/collective – is **February 7, 2024**. The deadline for initial disclosures is **February 14, 2023**.  The initial disclosures shall be updated as appropriate at later phases of discovery.  The deadline for interrogatories is **Thursday, March 9, 2023**.  The deadline to amend the Complaint is **April 3, 2023**.  The deadline to join parties is **April 3, 2023**.  No further amendments/joinder of parties after the specified dates absent good cause.

A case management conference is scheduled for **April 3, 2023 at 12:00 p.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.

**As the above resolves the letter motion at ECF No. 57, the Clerk of Court is respectfully requested to close the motion.**

**SO ORDERED.**

DATED:   New York, New York
         February 8, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge