**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ANTHONY AQUINO, individually and on
behalf of all others similarly situated, et al.,

                              Plaintiffs,

                  -against-

 UBER TECHNOLOGIES, INC., RAISER, LLC,
 SCHLEUDER LLC,

                              Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__8/7/2024____

**22-CV-4267 (KHP)**

**OPINION & ORDER ON MOTION**
**FOR CONDITIONAL**
**CERTIFICATION**

**KATHARINE H. PARKER, United States Magistrate Judge**:

Anthony Aquino ("Plaintiff") is a driver for Uber Technologies, Inc. ("Uber")[1] who

contends that he was misclassified as an independent contractor and not paid minimum wage

after accounting for mandated but unreimbursed business expenses.  He brings claims under

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and the New York Labor Law ("NYLL"),

Article 6 § 190 and Article 19 § 650, on behalf of himself and a putative class and collective of

other Uber drivers in New York who successfully opted-out of an arbitration provision in the

agreement governing his/their relationship with Uber.  He seeks unpaid wages and

unreimbursed expenses for himself and the putative class and collective.  Jurisdiction is

premised on federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction 28 U.S.C.

§1332(d),  the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and supplemental

jurisdiction, 28 U.S.C. § 1367.

---

[1] Defendants Raiser, LLC and Schleuder LLC are subsidiaries of Uber.  In connection with driving in New York,
Plaintiff signed a Platform Access Agreement with Raiser-NY, LLC ("Raiser-LLC"), like other drivers who are not
qualified to pick up passengers in New York City.  Uber drivers who pick up passengers in New York City are
required to sign a Platform Access Agreement with Uber USA, LLC ("Uber USA").  (See ECF 98, Declaration of Rachel
Perl ("Perl Decl.") at ¶¶ 12-18.)  For purposes of this motion, the Court refers to all defendants as "Uber."

Aquino filed this case on May 24, 2022.  Following motion practice, Plaintiff has twice amended the complaint.  As originally pleaded, this Court found that, taking all the allegations as true, Plaintiff plausibly pleaded that he was misclassified as an independent contractor.  However, Plaintiff failed to plausibly plead a wage violation because he admitted he was paid above federal and state minimum wage and failed to plausibly allege that his waiting time – that is, time logged into the Uber app waiting for a ride request -- should be counted as hours worked for purposed of computing whether he received minimum wage.  The Court also found that Plaintiff failed to adequately plead basic facts about his own work for Uber such as the time he spent driving passengers, the miles he drove, and his expenses.  He also did not articulate a viable theory for computing his wages based on his expenses. (ECF No. 69.)

Plaintiff then amended his complaint to try to correct these deficiencies.  After motion practice, this Court found the allegations in the Second Amended Complaint ("SAC"), taken as true, were sufficient to render it plausible that Plaintiff, if found to be an employee rather than an independent contractor, might not have been paid minimum wage, provided he also proved his waiting time was compensable.  (ECF No.  81.)  Notably, in the SAC, Plaintiff contended he worked three days in April 2022 for Uber, that over the course of those days, he was logged into the Uber app for 3 hours and 48 minutes, that he had only one passenger ride each day, drove 37.5 miles over 64 minutes, and earned $46.88 for these rides.  (SAC ¶¶ 26, 27, 28, 32.)

Since filing the SAC, the parties engaged in discovery.  They exchanged documents, Defendants took Plaintiff's deposition to learn about his individual claims, and Plaintiff took a 30(b)(6) deposition to learn more about Uber's policies and practices.  Plaintiff then filed a motion for conditional certification of a collective action pursuant to Section 216(b) of the FLSA.

(ECF No. 94-95.) That motion brought to light certain facts that call into question whether Plaintiff has minimum wage claim at all and whether there is subject matter jurisdiction.  The Court then questioned the parties about these concerns at a conference on July 30, 2024.

In sum, it has now come to light that Plaintiff only drove passengers on one day – April 19, 2022.  On that day, he was logged onto the Uber app for 48 minutes, had two passenger rides covering approximately 15 miles with about 34 minutes of driving time and for which he was paid $17.32.  (ECF No. 99-9, Aquino Deposition ("Aquino Dep.") 87:16-18, 122:22-123:9, 282:20-283:19; ECF No. 98, Declaration of Rachel Perl ("Perl Dec.") ¶¶29, 32; ECF No. 95-10.)  It also came to light that contrary to what was suggested in the SAC, Plaintiff made four deliveries through Uber Eats on the other two days, received a total of 17 ride or delivery requests over the three days but declined 11 of those requests (65%) even though he alleged that he would be penalized for turning down more than 20% of ride requests. It also came to light that the expenses Plaintiff allegedly incurred were actually paid by his mother.  He was on his family cell phone plan paid for by his mother.  (Aquino Dep. 7:18-9:2.) Plaintiff's car was purchased by his mother and registered in his father's name.  (*Id*. at 137:6-138.)  Plaintiff's mother allowed him to use her debit card to pay for his gas and oil changes in April 2022.  (*Id*. at 14:4-15, 156:20-157:6.)  Plaintiff's mother paid for his car insurance.  (*Id*. at 146:4-19.)  Plaintiff could not recall whether his mother purchased "special rideshare insurance" as alleged in the SAC.  (*Id*. at 144:1-17.)  Finally, Plaintiff was not sure if he paid his mother back for any of these expenses. (Aquino Dep. at 157:3-6.)

When questioned at the Court recent conference, Plaintiff's counsel stated she had not actually obtained any documents from Plaintiff or his mother to support the specific expenses

alleged in the SAC or bank or payment records reflecting whether Plaintiff had in fact repaid his mother for the expenses. While Plaintiff initially pleaded that the putative class and collective consisted of well over 100 members, Defendants have, after investigation, provided a sworn interrogatory response stating that there are only 43 drivers in New York within the relevant period who successfully opted out of arbitration. (Perl Decl. ¶ 17.) Plaintiff also testified that he had no knowledge about the experience of other drivers and how they utilized their time when waiting for ride or delivery requests. (Aquino Dep. at 195:8-15, 208:6-209:11, 210:20-212:3, 212:4-213:4.) Plaintiff did not provide an affidavit in support of his motion for conditional certification regarding his knowledge of whether other drivers similarly could not utilize their waiting time for personal or other business pursuits. Nor did Plaintiff provide declarations from any other Uber drivers.

Based on this new information, it appears that Aquino does not have a federal wage claim under either of Plaintiff's theories as pleaded, even if the Court were to assume that the 48 minutes that Plaintiff was logged in on April 19, 2022 was compensable time, that Plaintiff incurred the expenses he pleaded (although he appears not to have incurred all those expenses,) and that Plaintiff drove 1,000 miles a month. Plaintiff's first theory computes wages and costs using the IRS's 2022 mileage rate of $0.585 per mile. The math is as follows: 15 miles driven x $0.585 = $8.775 in expenses. $17.32 in pay minus $8.775 in expenses equals a final wage of $8.545. This is higher than the applicable federal minimum wage rate of $7.25 per hour, especially considering Plaintiff did not work a full hour on April 19. The second theory computes wages using Plaintiff's actual expenses allocatable to the miles he drove for Uber. Plaintiff pleaded that he incurred at least $629 in the month of April in expenses and that he

4

drove 1,000 miles that month, only 15 of those attributable to driving Uber passengers (that is, 0.015% of his total miles.)  The math under fares no better for plaintiff:  $629 in expenses x 0.015 (based on miles drive for Uber) equals $9.435 in expenses.  $17.32 in wages minus $9.435 in expenses yields a final wage of $7.885 for the hour.  This is also higher than the applicable federal minimum wage rate.

When questioned about the above math at the July 30, 2024 conference, Plaintiff's counsel conceded that Plaintiff might not have a federal minimum wage claim.  She also conceded that Plaintiff's individual damages were less than $75,000 required for diversity jurisdiction under 28 U.S.C. 1332(a).  Further, while Plaintiff's counsel stated she would like additional discovery on whether the putative class size is in fact only 43 drivers, the only actual evidence of class size comes from a sworn interrogatory response of Defendant that the putative class size is 43 drivers.  Accepting this as true, then CAFA jurisdiction would be lacking.

Conditional certification under Section 216(b) of the FLSA is not mandatory.  Rather, it is a case management tool.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554-555 & n.10 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)); *Guillen v. Marshalls of MA, Inc.*, 750 F.Supp.2d 469, 475 (S.D.N.Y. 2010) ("*Guillen I*").  In the Second Circuit, a Plaintiff must make at least a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.' " *See Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  This "modest factual showing" cannot be satisfied solely by unsupported assertions. *Id.*  A showing that plaintiffs "were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their

observations, their experience was shared by members of the proposed class" is generally a sufficient basis from which to infer a "common policy" required for conditional certification at this stage. ,*Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2015 WL 7076009, at *3, 2015 U.S. Dist. LEXIS 153730, at *9 (S.D.N.Y. Nov. 12, 2015) (citing *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007)). Documents properly considered in this inquiry include a plaintiff's own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members. *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013). In an appropriate case, conditional collective certification may be based solely on the personal observations of one plaintiff. *See Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, 2013 U.S. Dist. LEXIS 89254 (S.D.N.Y. June 18, 2013) (granting conditional collective action certification of all tipped employees at a single Bareburger location based on one employee's declaration).

When substantial discovery has been conducted, courts sometimes apply an elevated or intermediate scrutiny to a collective certification motion because the rationale underlying the more lenient standard is not applicable. *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016); *Brown v. Barnes & Noble, Inc.*, 16 Civ. 7333, 2019 WL 5188941 (S.D.N.Y. Oct. 15, 2019). However, even under this standard, the Court may not "resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." *Korenblum*, 195 F. Supp. 3d at 480. But, it should deny conditional certification if it determines that the solicitation of additional opt-ins through court-authorized notice would not promote efficient resolution of common issues. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-170, 110 S. Ct. 482, 485, 107 L. Ed. 2d 480 (1989); *see also Korenblum*, 195 F.Supp.3d at 487.

This Court has serious concerns that Plaintiff himself may not have a viable claim under the FLSA given what has been presented.  Further, CAFA jurisdiction may be lacking.  Given the facts that have emerged, this Court finds it would not be efficient or an appropriate case management tool to conditionally certify a collective under the FLSA.  Plaintiff has not satisfied the modest showing required for conditional certification.

## CONCLUSION

For the reasons set forth above, the motion for conditional certification is DENIED without prejudice.  Additionally, as discussed at the recent court conference, the parties shall complete discovery on Plaintiff's individual claims by August 30, 2024.  Defendants' motion for summary judgment on Plaintiff's individual claims is due September 13, 2024.  Plaintiff's opposition to the motion is due September 27, 2024.  Defendants' reply is due October 11, 2024.

**SO ORDERED.**

Dated: August 7, 2024
        New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge