

Andrew M. Spurchise
900 Third Avenue
New York, New York 10022
(212) 583-9600
aspurchise@littler.com

Joshua C. Vaughn
One PPG
Pittsburgh, PA 15222
412.201.7677
jvaughn@littler.com

April 3, 2025

**VIA ECF**

Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 17-D
New York, NY 10007-1312

      Re:    *Aquino v. Uber Technologies, Inc., et al.*, 1:22-cv-04267-KHP
            **Joint Stipulation to Discontinue Plaintiff's FLSA Claim with Prejudice**

Dear Magistrate Judge Parker:

As discussed with the Court at the March 27, 2025 Conference in the above referenced matter,[1] Defendants Uber Technologies, Inc., Rasier, LLC and Schleuder, LLC and Plaintiff Anthony Aquino jointly submit this Stipulation of Discontinuance of Plaintiff's FLSA claim with prejudice.

On May 24, 2022, Plaintiff filed his original collective action complaint alleging he and other drivers were misclassified as independent contractors and therefore not paid minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 and the New York Labor Law ("NYLL"), Article 6 §190 and Article 19 §650.[2]

On August 7, 2024, this Court denied Plaintiff's Motion for Conditional Certification under the FLSA without prejudice, and observed that "it appears that Aquino does not have a federal wage claim under either of Plaintiff's theories as pleaded . . . " (ECF 106 at 4) and that "[t]his Court has serious concerns that Plaintiff himself may not have a viable claim under the FLSA given what has been presented." *Id*. at 7.

Accordingly, the Court ordered the parties to conduct discovery and to file summary judgment briefing on Plaintiff's individual claims. *Id*. The parties did just that. By October 2024, the parties completed briefing on Defendants' Motion for Summary Judgment as to Plaintiff's individual

---

[1] Oral argument on Defendants' Motion for Summary Judgment was scheduled for March 27, 2025, but the parties informed the Court prior to the hearing that they had reached a settlement in principle subject to certain conditions that are set forth in more detail below.

[2] Following Motions practice, Plaintiff has twice amended his complaint.

Magistrate Judge Katharine H. Parker
April 3, 2025
Page 2

claims.³  The parties were scheduled for oral argument on the pending motions on March 27, 2025. So the Court is fully aware of the facts in this case as they related to Plaintiff's FLSA claim.

After full discovery and summary judgment briefing, Plaintiff acknowledges that he has not shown damages related to his FLSA claim and has agreed to dismiss the FLSA claim with prejudice. The parties therefore stipulate to the discontinuance of Plaintiff's FLSA claim with prejudice.

We ask the Court to endorse this Stipulation

The parties are finalizing the terms of a settlement of Plaintiff's NYLL claim, and anticipate submitting a Rule 41 Stipulation of Dismissal with prejudice as to all remaining within 30 days hereafter.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

By:  */s/ Catherine E. Anderson*
  (e-signature added with permission)

Catherine E. Anderson
Giskan Solotaroff & Anderson LLP
90 Broad Street, 2nd Floor
New York, New York 10004
(212) 847-8315
canderson@gslawny.com

*For the Plaintiff*

*/s/ Andrew M. Spurchise*
Andrew M. Spurchise
Littler Mendelson, P.C.
900 Third Avenue
New York, New York 10022
(212) 583-9600
aspurchise@littler.com

Joshua C. Vaughn
Littler Mendelson, P.C.
One PPG, Pittsburgh, PA 15222
412.201.7677
jvaughn@littler.com

*For the Defendants*

cc:   All counsel of record (via ECF)

---

³ By November 2024, the parties also completed briefing on Defendants' related Motion to Strike.

4939-2043-7809.1 / 073208.2514